IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DAVID L. BRAMLET, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:23-cv-00332** |
| | § | |
| PENNYMAC LOAN SERVICES, LLC, | § | |
| | § | |
| Defendant. | § | |
| | § | |

### NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES JUDGE:

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant PennyMac Loan Services, LLC ("Pennymac") hereby removes this action from the 212th Judicial District Court of Galveston County, Texas, to the United States District Court for the Southern District of Texas, Galveston Division. In support of such removal, Pennymac respectfully shows the Court the following:

### I.   STATE COURT ACTION

1. On September 28, 2023, Plaintiff David L. Bramlet, Jr. ("Bramlet") filed his *Original Petition and Verified Application for Temporary Restraining Order* (the "Complaint") in the 212th Judicial District Court of Galveston County, Texas, in an action styled *David L. Bramlet, Jr. v. PennyMac Loan Services, LLC*, under Cause No. 23-CV-1865 (the "State Court Action").[1]

2. In the State Court Action, Bramlet seeks to preclude the foreclosure sale of real property located at 2832 Everett Drive, Friendswood, Texas 77546 (the "Property").[2] Bramlet

---

[1] *See* Ex. D.
[2] Compl., ¶¶ 1, 5.

alleges that Pennymac failed to provide him with a notice of default, a notice of acceleration, and a notice of sale.[3] Bramlet further alleges that Pennymac failed to provide him with an opportunity to cure before accelerating the Note and scheduling the October 3, 2023 foreclosure sale of the Property.[4] In addition, Bramlet contends that Pennymac violated 12 C.F.R. § 1024.41 by not timely providing him with any loss mitigation information or an inviting him to apply for loss mitigation assistance, as required by the Federal Housing Administration.[5] In connection with these allegations, Bramlet asserts claims for violations of the Real Estate Settlement Procedures Act ("RESPA"), violations of the Texas Property Code, and declaratory judgment and seeks statutory damages and declaratory and injunctive relief.[6]

3. The state court issued an *ex parte* temporary restraining order on September 29, 2023.[7]

4. Pennymac has not yet been properly served. Thus, this Notice of Removal is timely under 28 U.S.C. § 1446(b).[8]

5. As discussed below, Pennymac removes the State Court Action to this Court on the basis of diversity jurisdiction, federal question jurisdiction, and supplemental jurisdiction.

## II.     PROCEDURAL REQUIREMENTS

6. This action is properly removed to this Court, as the State Court Action is pending within this district and division. 28 U.S.C. §§ 124(b)(1), 1441, 1446(a).

---

[3] Compl., ¶¶ 4, 15, 17.
[4] Compl., ¶¶ 3–4, 15.
[5] Compl., ¶ 21.
[6] Compl., ¶¶ 11–27, 29.
[7] *See* Ex. E.
[8] Nevertheless, this Notice of Removal is filed within 30 days of the suit's filing. *See* Ex. D.

7.     The United States District Court for the Southern District of Texas, Galveston Division has original jurisdiction over this action based on diversity jurisdiction, federal question jurisdiction, and supplemental jurisdiction, as set forth below.

8.     Pursuant to 28 U.S.C. § 1446(a) and Southern District of Texas Local Rule 81, this Notice of Removal is accompanied by copies of the following:

**Exhibit A**   Index of Matters Being Filed.

**Exhibit B**   Civil Cover Sheet.

**Exhibit C**   State Court Action Docket Transactions Sheet.

**Exhibit D**   Bramlet's Original Petition and Verified Application for Temporary Restraining Order.

**Exhibit E**   Temporary Restraining Order and Order Setting Hearing on Temporary Injunction.

**Exhibit F**   Pennymac's Original Answer.

**Exhibit G**   List of All Counsel of Record.

**Exhibit H**   Galveston Central Appraisal District Real Property Details.

**Exhibit I**   Deed of Trust.

9.     Simultaneously with the filing of this Notice of Removal, Pennymac is: (1) serving Bramlet with a copy of this Notice of Removal, and (2) filing a copy of the Notice of Removal in the 212th Judicial District Court of Galveston County, Texas. 28 U.S.C. § 1446(d).

### III.     DIVERSITY JURISDICTION

10.    Where there is complete diversity among the parties and the amount in controversy exceeds $75,000, an action may be removed to federal court. Complete diversity exists in this case because Pennymac is not a citizen of Texas or of the same state as Bramlet. The amount-in-controversy requirement is also satisfied, as set forth below.

### A. DIVERSITY OF CITIZENSHIP

11. For purposes of diversity jurisdiction, "[a] natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely." *Margetis v. Ray*, No. 3:08-CV-958-L, 2009 WL 464962, *3 (N.D. Tex. Feb. 25, 2009) (citing *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555–56 (5th Cir. 1985)). Bramlet is a natural person and has claimed Galveston County, Texas, as his residence and domicile.[9] Accordingly, Bramlet is a citizen of Texas for diversity purposes.

12. Pennymac is a citizen of Delaware and California. For diversity purposes, the citizenship of a limited liability company is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Thus, a limited liability company is a citizen of every state in which its members are citizens. *Id*. Pennymac is 100% owned by Private National Mortgage Acceptance Company, LLC ("PNMAC"). PNMAC is a Delaware limited liability company. PNMAC is approximately 32.5% owned by PNMAC Holdings, Inc. ("Holdings"), a Delaware Corporation with a principal place of business located in Westlake Village, California, and approximately 67.5% owned by PennyMac Financial Services, Inc. ("PFSI"), a publicly held Delaware corporation with a principal place of business located in Westlake Village, California. As corporations, Holdings and PFSI are therefore each citizens of Delaware and California. Therefore, for purposes of diversity jurisdiction, Pennymac is a citizen of Delaware and California. *See Harvey*, 542 F.3d at 1080.

13. Because Bramlet is a citizen of Texas and Pennymac is a citizen of Delaware and California, there is complete diversity among the parties. *See* 28 U.S.C. § 1332(c)(1).

---

[9] Compl., ¶¶ 1, 6.

**B.     AMOUNT IN CONTROVERSY**

14.     Where a defendant can show, by a preponderance of evidence that the amount in controversy more likely than not exceeds the jurisdictional minimum, removal is proper. *White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675–76 (5th Cir. 2003). A defendant can meet this burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000. *See St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009) (mem. op.).

15.     From a review of the Complaint, it is apparent that the amount at issue more likely than not exceeds $75,000, exclusive of interest and costs. Bramlet seeks statutory damages and declaratory and injunctive relief preventing the sale of the Property.[10]

16.     "In actions seeking declaratory or injunctive relief, it is well establishes that the amount in controversy is measured by the value of the object of the litigation." *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (citing *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977). Specifically, the *Farkas* court held that: "[i]n actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy." *Id.* (citing (*Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973)). Thus, "'when . . . a right to property is called into question in its entirety, the value of the property controls the amount in controversy.'" *Nationstar Mortg. LLC v. Knox*, 351 F. App'x 844, 848 (5th Cir. 2009) (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir. 1961)); *see also*

---

[10] Compl., ¶¶ 5, 11–27, 29.

*Alsobrook v. GMAC Mortg., L.L.C.*, 541 F. App'x 340, 342 n.2 (5th Cir. 2013); *Copeland v. U.S. Bank Nat'l Ass'n*, 485 F. App'x 8, 9 (5th Cir. 2012) (relying on the value of the property to satisfy the amount in controversy in exercising diversity jurisdiction over appeal of foreclosure-related claims).

17. Here, the amount in controversy is readily apparent from the face of the Complaint. Bramlet seeks to preclude Pennymac from foreclosing on the Property.[11] As a result, the entire value of the Property is squarely at issue, and the current fair market value of the Property is therefore an appropriate measure of the amount in controversy. *Nationstar Mortg. LLC*, 351 F. App'x at 848; *Waller*, 296 F.2d at 547–48. According to the Galveston Central Appraisal District, this value for tax purposes is $459,900.[12] The Deed of Trust also indicates that Bramlet executed a promissory note for an amount that exceeds the $75,000 jurisdictional minimum.[13] Therefore, the value of the Property independently and cumulatively satisfies the amount-in-controversy requirement. *See, e.g.*, *Farkas*, 737 F.3d at 342–43.

18. Moreover, to determine the amount in controversy, the Court may consider statutory damages. *White*, 319 F.3d at 675; *Greenberg*, 134 F.3d at 1253, n.7 (citing *Allstate Ins. Co. v. Hilbun*, 692 F. Supp. 698, 700 (S.D. Miss. 1988)); *Johnson v. Carmax Auto Superstore, Inc.*, Civ. A. No. SA–08–CA–820–FB, 2008 WL 5686083, at *3 (W.D. Tex. Dec. 22, 2008) (considering attorney's fees, common law damages, statutory damages, and treble damages in determining the amount in controversy). Here, Bramlet seeks statutory damages by way of asserting his statutory claims under the Texas Property Code and RESPA.[14]

---

[11] Compl., ¶¶ 5, 11–27, 29.
[12] Pennymac respectfully requests that the Court take judicial notice of Exhibit H, pursuant to Federal Rule of Evidence 201. FED. R. EVID. 201. The Appraisal District value is not offered as a true market value, but to show that the true market value exceeds the $75,000 threshold.
[13] Pursuant to Rule 201 of the Federal Rules of Evidence, Pennymac respectfully requests that the Court take judicial notice of Exhibit I. FED. R. EVID. 201.
[14] Compl., ¶¶ 13–21.

19. Based on the foregoing, it is apparent from the face of the Complaint, the current tax records for the Property, and the Deed of Trust for the Property that the value of the damages and declaratory and injunctive relief sought by Bramlet more likely than not exceeds the $75,000 jurisdictional minimum.

20. Because there is complete diversity among the parties and because the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and removal is proper.

### IV.     FEDERAL QUESTION JURISDICTION

21. The district courts of the United States have original jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States. *See* 28 U.S.C. § 1331.[15] A case may be removed to federal court if it could have been brought in federal court originally. *See* 28 U.S.C. § 1441; *see also Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). A claim "arises under" federal law when either (1) the well-pleaded complaint establishes that federal law creates the cause of action; or (2) the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *See Singh v. Morris*, 538 F.3d 334, 338 (5th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983)); *see also Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006).

22. Removal of the State Court Action is proper under 28 U.S.C. §§ 1331 and 1441, as it arises under the laws of the United States. Specifically, Bramlet alleges violations of RESPA.[16] RESPA expressly grants this Court original jurisdiction to hear such a claim. *See* 12 U.S.C. § 2614 (any RESPA action "may be brought in any United States district court"). Thus, Bramlet alleges

---

[15] The Court has jurisdiction over all of Bramlet's claims under diversity jurisdiction.
[16] Compl., ¶¶ 18–21.

violations of federal law, and his right to relief will necessarily depend upon the resolution of federal law. Accordingly, this Court has jurisdiction based on federal question, and removal is proper in accordance with 28 U.S.C. § 1441(a) and 28 U.S.C. § 1331.

## V. SUPPLEMENTAL JURISDICTION

23. This Court also has jurisdiction over Bramlet's state law claim pursuant to 28 U.S.C. § 1367(a). As noted by the Supreme Court, "[s]ection 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have had original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005); *see also State Nat'l Ins. Co. Inc. v. Yates*, 391 F.3d 577, 579 (5th Cir. 2004) (explaining that 28 U.S.C. § 1367 grants the federal courts jurisdiction to hear "claims that do not independently come within the jurisdiction of the district court but form part of the same Article III 'case or controversy'").

24. It is well established that federal district courts have supplemental jurisdiction over state law claims that share a "common nucleus of operative fact" with federal claims. *Jamal v. Travelers Lloyds of Tex. Ins. Co.*, 97 F. Supp. 2d 800, 805 (S.D. Tex. 2000) (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-65 (1977)). This principle applies not only to cases originally brought in federal court, but also to those cases removed to federal court. *Id.* at 806. Here, Bramlet's state law claim (i.e., violation of the Texas Property Code) shares a common nucleus of operative facts with Bramlet's federal claim in that Plaintiff's claims in this matter are all based on the same alleged wrongful conduct relating to the Property.[17] Therefore, supplemental federal jurisdiction exists over Bramlet's state law claim.

---

[17] *See generally* Compl.

## VI. RESERVATION OF RIGHTS

25. In filing this Notice of Removal, Pennymac does not waive, and specifically reserves, any and all objections as to service, personal jurisdiction, defenses, rights, and motions.

## VII. CONCLUSION

WHEREFORE, Pennymac removes this action from the 212th Judicial District Court of Galveston County, Texas, to the United States District Court for the Southern District of Texas, Galveston Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

/s/ *Helen O. Turner*
**Kurt Lance Krolikowski – Attorney-in-Charge**
Texas Bar No. 24074548
S.D. Bar No. 1146373
kkrolikowski@lockelord.com
**Helen O. Turner**
Texas Bar No. 24094229
S.D. Bar No. 2924121
helen.turner@lockelord.com
LOCKE LORD LLP
600 Travis Street, Suite 2800
Houston, Texas 77002
Telephone: (713) 226-1280
Facsimile: (713) 229-2501

**Thomas G. Yoxall**
Texas Bar No. 00785304
S.D. Bar No. 16664
tyoxall@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2750
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

**COUNSEL FOR DEFENDANT
PENNYMAC LOAN SERVICES, LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 6, 2023, a true and correct copy of the foregoing document was delivered to the following counsel of record *via ECF and/or email* consistent with the Federal Rules of Civil Procedure.

David M. Medearis
Texas Bar No. 24041465
MEDEARIS LAW FIRM, PLLC
1560 W. Bay Area Blvd., Suite 304
Friendswood, Texas 77546
Email: dmedearis@medearislaw.com
Telephone: (281) 954-6270
Facsimile: (281) 954-6280

*Counsel for Plaintiff*

                                            */s/ Helen O. Turner*
                                            Counsel for Defendant